UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOHN MOGLIA,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM AND ORDER**
16-cv-03597-LDH

---

UNITED STATES OF AMERICA,

                Plaintiff,

-against-

JOHN MOGLIA,

                Defendant.

**MEMORANDUM AND ORDER**
12-cr-00735-LDH-3

---

LASHANN DEARCY HALL, United States District Judge:

John Moglia ("Petitioner") brings the instant petition pursuant to 28 U.S.C. § 2255, challenging his sentence for conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. (*See* Mem. L. Supp. Mot. Vacate ("Pet."), *USA v. Baylock et al: John Moglia* ("*Moglia*"), No. 12-00735-LDH-3 (E.D.N.Y. June 27, 2016), ECF No. 98.)

## BACKGROUND

On August 4, 2014, Petitioner pleaded guilty, pursuant to a plea agreement with the Government (the "Plea Agreement"), to Count One of the Indictment, charging him with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. (Plea Form, *Moglia*,

1

No. 12-00735-LDH-3 (E.D.N.Y. June 4, 2018), ECF No. 102-2.) Pursuant to the Plea Agreement, Petitioner agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the [c]ourt imposes a term of imprisonment of 240 months or less." (Plea Agreement at 4-5, *Moglia*, No. 12-00735-LDH-3 (E.D.N.Y. June 4, 2018), ECF No. 102-3.) On August 19, 2015, Judge Leonard D. Wexler sentenced Petitioner to 240 months' imprisonment on Count One to be served consecutively with Petitioner's state court conviction. (Judgment at 2, *Moglia*, No. 12-00735-LDH-3 (E.D.N.Y. August 24, 2015), ECF No. 85.) On June 27, 2016, Petitioner filed the instant petition seeking to vacate his sentence pursuant to § 2255. (Pet., *Moglia*, No. 12-00735-LDH-3 (E.D.N.Y. June 27, 2016).)

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, the court that imposed the sentence may "vacate, set aside or correct" a conviction or sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Unless, however, it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Proc. for U.S.D.C., Rule 4(b), 28 U.S.C. § 2255. It is well settled that, in a § 2255 proceeding, the petitioner bears the burden of proof by a preponderance of the evidence. *See Triana v. United States,* 205 F.3d 36, 40 (2d Cir. 2000) ("The burden of proof rested on [the petitioner] to show [the Sixth Amendment claim underlying his § 2255 petition] by a preponderance of the evidence." (citing *Harned v. Henderson*, 588 F.2d 12, 22 (2d Cir.1978))). To obtain relief under § 2255, a petitioner must show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence

2

was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Further, a collateral attack on a conviction or sentence imposed is only available for "an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## DISCUSSION

Plea agreements that include a waiver of a defendant's right to appeal their conviction and sentence must be knowing, voluntary, and competent. *United States v. Gomez-Perez,* 215 F.3d 315, 318 (2d Cir. 2000). The Second Circuit has made plain that courts should enforce a knowing, voluntary, and competent waiver of the right to appeal a sentence within or below the stipulated Guidelines range. *See,* e.g., *United States v. Djelevic,* 161 F.3d 104, 106 (2d Cir. 1998) ("It is by now well-settled that a defendant's knowing and voluntarily waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable"). Here, the Petitioner does not challenge that he knowingly, voluntarily, and competently entered the Plea Agreement. Therefore, the only remaining question for this Court is whether Petitioner's sentence was within the range contemplated by the Plea Agreement. It was.

The law is clear: "[I]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d. Cir. 1993). This is generally so, even when a law has subsequently changed in a defendant's favor. As the Second Circuit has observed, "[t]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir.

3

2005). And, of particular relevance here, the Second Circuit has enforced an appeal waiver in cases like this one where the petition is based on a change in law resulting from the Supreme Court's decision in *Johnson v. United States*. *See San-ford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (holding that a collateral attack waiver precluded the "*Johnson*-based challenges" presented by the petitioner in his § 2255 motion).

In this case, pursuant to the Plea Agreement, Petitioner agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 240 months or less." (Plea Agreement at 4-5, *Moglia*, No. 12-00735-LDH-3 (E.D.N.Y. June 4, 2018).)

The transcript from the August 4, 2014 plea hearing makes plain that Petitioner knowingly and voluntarily entered into the Plea Agreement. (*See* Plea Tr. at 3:25-4:19, 14:19-15:3, *Moglia*, No. 12-00735-LDH-3 (E.D.N.Y. June 4, 2018), ECF 102-1.) Furthermore, during the plea hearing, Petitioner expressly indicated to Judge Wexler that Petitioner understood that he was waiving his right to appeal any sentence of 240 months or less. (*See Moglia*, Plea Tr. at 6:6-7:10.) For this reason alone, Petitioner's § 2255 motion must be dismissed.

Even in the absence of the Plea Agreement, the petition must be dismissed. In urging the Court to vacate his sentence, Petitioner relies on the holding in *Johnson v. United States*. (*See* Pet. at 8-12, *Moglia*, No. 12-00735-LDH-3 (E.D.N.Y. June 27, 2016).) However, as the Government argues, "*Johnson* has nothing to do with the validity of the statute under which Moglia was convicted." (*See* Mem. L. Opp'n to Pet. ("Gov't's Opp'n") at 7, *Moglia*, No. 12-00735-LDH-3 (E.D.N.Y. June 4, 2018), ECF No. 102.) In *Johnson*, the Supreme Court held that the Residual Clause of the Armed Career Criminal Act (the "ACCA") is unconstitutionally vague and thus violates the Due Process Clause of the Fifth Amendment. *See* 576 U.S. at 597-98

(finding that, by "leav[ing] grave uncertainty about how to estimate the risk posed by a crime" and "uncertainty about how much risk it takes for a crime to qualify as a violent felony," the Residual Clause had failed to provide "fair notice to defendants" and "invite[d] arbitrary enforcement by judges").  The Residual Clause of the ACCA categorizes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" as a "violent felony."  18 U.S.C. § 924(e)(2)(B)(ii).  Under the ACCA, a defendant found to have committed three prior "violent felon[ies]" is subject to a mandatory minimum sentence of fifteen years.  18 U.S.C. § 924(e)(1).  Subsequently, in *Welch v. United States,* the Court clarified that, because *Johnson* announced a new substantive rule, the new rule applied retroactively on collateral review for defendants sentenced under the Residual Clause of the ACCA.  *See Welch*, 578 U.S. at 130 ("*Johnson* is [] a substantive decision and so has retroactive effect . . . in cases on collateral review.").  As such, even taken together, *Johnson* and *Welch* do not apply to Petitioner.

Plainly, the ACCA was not invoked in Petitioner's case.  Instead, Petitioner was convicted of conspiracy to commit Hobbs Act robbery.  (Judgment at 1, *Moglia*, No. 12-00735-LDH-3 (E.D.N.Y. August 24, 2015).)  The statute for Hobbs Act robbery, 18 U.S.C. § 1951(a), "lacks any reference to the term 'crime of violence[,]' does not refer to another statutory provision that incorporates such a term, [nor] has any provision that could be analogized to the [R]esidual [C]lause in [] ACCA invalidated by *Johnson*."  (Gov't's Opp'n at 6, *Moglia*, No. 12-00735-LDH-3 (E.D.N.Y. June 4, 2018).)  The statute for Hobbs Act robbery also lacks any

5

provision that could be analogized to the Residual Clause in ACCA.[1]  Therefore, the instant petition necessarily fails.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate his conviction and sentence is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
      September 30, 2025

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

---

[1] *See* Hobbs Act robbery statute (18 U.S.C. § 1951(a) ("Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.").  As compared to the Residual Clause in ACCA (18 U.S. Code § 924(e) ((1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g). (2) As used in this subsection (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.")